## INJURY TO HUSBAND FOR WHICH WIFE HAS NO RIGHT OF ACTION.

Common Pleas Court of Lucas County.

EDNA H. SMITH v. THE NICHOLAS BUILDING COMPANY.*

Decided, 1914.

*Husband and Wife—Wife Has No Right of Action for Loss of Consortium—Interference with the Domestic Relation Alone Gives Such Right.*

There is no right in a wife to recover money damages on account of loss of consortium, due to an accident which has rendered her husband irritable, morose and ill-tempered, and the responsibility for which she places upon the defendant.

BROUGH, J.

This action is brought to recover the damages the plaintiff, Edna H. Smith, claims to have suffered by reason of an injury received by her husband, Floyd J. Smith, through the negligence of the defendant company.

The plaintiff claims that by reason of the injury, her husband has become nervous, irritable, morose, fretful, excitable and ill-tempered and that his mental condition in that regard is growing worse.  She claims that she is, and will be, deprived of

*Affirmed by the Court of Appeals without opinion.

his society, companionship, conjugal affection, fellowship and association by reason thereof, and asks damages in the sum of $15,000.

A demurrer has been filed to this petition by the defendant company.

Notwithstanding the statutes which have been enacted in the various states looking to the emancipation of the wife from the condition recognized as hers by the early common law, she is still burdened with the duties incident to the domestic establishment. The performance of these duties she owes to the husband by reason of the domestic relations existing between them. Although these are generally denominated "services," they also include care, comfort, companionship, society and fellowship, and such other matters as are included under the head of consortium. It is for the loss of these "services" that the common law grants to the husband a right of action. No such right of action has ever been recognized by the common law as existing in favor of the wife, except in such instances as amount to a wrongful interference with the domestic relation and which necessarily include the element of malice, either express or implied, and then only for such actual damages as are suffered to the right of consortium as distinguished from the broader term of "services," and for such damages by way of punishment as the jury arbitrarily assess for the commission of the wrongful act. There is nothing in the present statutes of this state, or in the statutes of any other state, so far as I have been able to find, that enlarges this right; and in the absence of statutory authority the right does not exist in the wife to maintain such an action. It might be added that the damages in such a case are so remote and hazy and intangible, and their computation by a jury to any degree of certainty so improbable, that a cause of action instituted solely for their recovery is not worthy of serious consideration. And, it might further be said, that the benefit to be derived by the wife from a money judgment upon such a claim would be more than offset by the harm to the domestic relations of the husband and wife if, in the absence of collusion, the wife should testify that the husband in his relation with her was irritable, morose and fretful, excitable and ill-tempered.

The demurrer is sustained, and exceptions will be noted.